## THE STATE, Appellant, v. BURGESS, Respondent.

24  381
44a 515
24  381
106 118

1. Although the failure of the foreman of a grand jury to certify under his hand an indictment to be a true bill is no cause for arrest of judgment after a trial and conviction, it is ground for quashing the indictment before trial.

*Appeal from Grundy Circuit Court.*

*Ewing,* (attorney general,) for the State.

I. The signature of the foreman of a grand jury is not an essential part of an indictment. The statute requiring it is merely directory. (State v. Mertens, 14 Mo. 94; State v. Clark, 18 Mo. 432.) The record shows the indictment was " returned into" court by the grand jury " a true bill." Indictments found by a grand jury are presented by their foreman, in their presence, to the court, and are there filed, and remain as records of such court. (R. C. 1845, p. 866, § 21)

25—VOL. XXIV.

This goes to the validity of the indictment—the signature of the foreman to its authenticity only. (Steele v. State, 1 Texas, 142; Burgess v. Commonwealth, 2 Va. Cases, 483; id. 427; Commonwealth v. Walters, 6 Dana, 290.)

*J. C. Griffin*, for respondent.

I. The words a " true bill" upon the back of the indictment are not in the handwriting of the foreman of the grand jury.

II. The name of the foreman of the grand jury is not signed by him to the words " a true bill" upon the back of the indictment. (See R. C. 1845, tit. Practice and Proceedings in Criminal Cases, art. § 19.)

LEONARD, Judge, delivered the opinion of the court.

According to the English practice, indictments are drawn up and preferred to the grand jury by any private prosecutor, in the name of the king. The jury then hear the evidence, and if they think the accusation groundless, they endorse upon the bill " not a true bill;" but if they are satisfied of its truth, they endorse it " a true bill." It is then deliver d publicly in court by the grand jury, received by the court, and placed among its files, and the indictment is then said to be found, and the party stands accused. (*4 Blac. Com. 306; 1 Chit. Crim. L. 324.*) The American practice is similar, except that here the grand jury generally hear the evidence first, and if they agree to find a bill, the indictment is then drawn up in form by the proper law officers of the government, and sent to them for their endorsement and delivery into court. (Webster's case, 5 Greenl. Maine, 432. ) In North Carolina (State v. Cox, 6 Ired. 446, and State v. Collins, 1 Dev. & Batt. 374,) it has been expressly holden that the endorsement was no part of the indictment, but that it was the action of the grand jury in returning the bill into court, and the receiving of it there, that rendered it a legal accusation against the defendant; and the same opinion seems to prevail in South Carolina. (State v. Creighton & Bell, 1 Nott & McCord, 257.) And although in

1 Chit. Crim. L. 324, it is said that the endorsement " a true bill" becomes part of the indictment, and renders it a complete accusation, yet Ford's case, (Zelv. 99,) which is referred to as authority, does not seem to warrant the assertion.   Indeed, the position is contradicted by the form of the record, which, when formally drawn up, omits all mention of the endorsement, and states in the caption merely that the grand jury *present* that the accused did, &c., reciting the allegations of the indictment; and this is the principle upon which the want of a proper endorsement is disallowed *in arrest of judgment after a conviction.*   (Burgess v. Commonwealth, 2 Virg. Cases, 483; Waw-kon-chaw-neek-kaw v. United States, Morris, Iowa, 332; and the cases from North and South Carolina above referred to.)   However, in Webster's case, (5 Greenl., Maine, 432,) where the words of the finding were endorsed but the foreman's signature was admitted, and in Squier's case, (10 New Hamp. 539,) where the signature only was omitted, the defect was allowed to prevail, after verdict, in arrest of judgment, on the ground, it would seem, that the matters omitted were an esse al part of the indictment.   Subsequently, however, in Freeman's case, 13 N. Hamp 488, the Supreme Court of New Hampshire held, that the omission of the words " a true bill," if the foreman's signature was endorsed, was no cause for arresting the judgment, and expressly overruled Webster's case, and this decision was followed in Massachusetts, in Commonwealth v. Smith, 1 Lead. Crim. C. 204, note.

The practice that prevails in our State, as to the endorsement upon an indictment when found by the grand jury, was incorporated into our written law at the revision of 1835; and afterwards, in Merten's case, this court decided that this requirement was *directory merely,* and could not prevail after a trial and conviction, and to this decision we still adhere.   The present question, however, is altogether a different one; the Circuit Court having, in the preliminary stage of the proceeding, quashed the indictment for want of the required proof of its authenticity, we are asked to reverse the order, and thus in effect

partially at least repeal the statute by declaring that the Circuit Court can not, if the omission escaped them at the time the bill was presented, afterwards correct the omission by quashing the indictment before trial. We think otherwise; the proof of the authenticity of the indictment required by the statute is the most convenient and trustworthy that could be provided, and we see no reason why the courts should not make the provision effectual by exacting a compliance with it, when it has not been waived, if not indeed rendered quite unnecessary by the conviction of the party after a fair trial. The judgment is affirmed.