THE STATE, *Appellant*, v. GRADY.

1. **Indictment**, CANNOT BE PREFERRED WITHOUT EVIDENCE. A grand jury should not prefer an indictment without having any evidence before it as to the guilt of the accused, and if it does so, on proper proof to the court of the fact, the indictment will be quashed.

2. ————. Proof of such fact may be made by the testimony of the prosecuting attorney, but not by a member of the grand jury.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*D. H. McIntyre*, Attorney General, for the state.

Grand juries are at liberty to find bills upon their own knowledge merely, and were anciently in the habit of so doing. *Reg. v. Russell*, Car. and M. 247 ; Whar. Cr. Pl. and Pr., sec. 338 (8 Ed.) ; *State v. Terry*, 30 Mo. 368. In this state it is made the duty of a grand juror to disclose his knowledge of indictable offences and be sworn as a witness. Sec. 1779, R. S., 1879. Since grand juries may find bills on their own knowledge, and might do so in any given case, no inquiry can be made as to the evidence upon which they based their finding, for a grand juror cannot be heard to impeach his own presentment. *State v. Baker*, 20 Mo. 339 ; *Com. v. Skeggs*, 3 Bush 19 ; *State v. Beebe*, 17 Minn. 241 ; *State v. Hamilton*, 13 Nev. 386 ; *State v. Gibbs*, 39 Iowa 318 ; *State v. Davis*, 41 Iowa 311. No other means of discovering whether an indictment was presented upon the knowledge of the grand jury would be practicable. Oral testimony should never be received to impeach the record of the proceedings of a grand jury. The grand jury are sworn to act upon evidence (sec. 1774, R. S.), and to allow the record of their action to be contradicted orally, would be, at best, but the placing of oath against oath, and would be the means of introducing confusion into courts and tend to the ulti-

mate destruction of this ancient method of inquiring into crimes. *State v. Dayton*, 3 Zabr. ( N. J. ) 49; *Hall v. State*, 4 Greene (Iowa) 73; *State v. Allen*, 1 Ala. 442.

*Cornelius McBride* and *P. N. Jones* for respondent.

A grand jury cannot find an indictment without having any evidence before them as to the guilt of the accused, and upon proof of such fact by competent evidence, a motion to quash should be sustained. Bishop's Cr. Pl., secs. 865, 866, and 867; Wharton's Pleading and Practice, sec. 362; 2 Am. Crim. Law Reports, p. 470; *State v. Sparranberger*, 53 Ala. 481; Southern Law Review for April and May, 1881, p. 161, and *Ibid.* for August and September, 1881, p. 477.

NORTON, J.—The defendant was indicted for robbery in the first degree in St. Louis criminal court. Upon the trial of the cause he was convicted of grand larceny and sentenced to five years in the penitentiary, from which judgment he appealed to the St. Louis court of appeals, which reversed the judgment and remanded the cause and the case is before us on the appeal of the state. In the trial court defendant filed a motion to quash the indictment, and a plea in abatement setting forth the fact that the grand jury had found the indictment without having any testimony before them touching the guilt or innocence of the accused. Defendant offered to prove the truth of said allegation, which the court refused to allow him to do. The St. Louis court of appeals, on defendant's appeal, held this ruling of the trial court to be erroneous, and for that reason reversed the judgment, and it is this ruling of the court of appeals from which the state appeals.

It is provided by section 12, article 2, of the constitution that no person shall be proceeded against criminally for felony otherwise than by indictment, which means that no person shall be subjected to the contumely and disgrace of a public final trial on a charge of felony except

The State v. Grady.

when the offence charged has been investigated and en-
quired into by a grand jury of the county where it is com-
mitted, and except when, as the result of such investiga-
tion, the grand jury has preferred the charge by indictment
into court. While it is said that "to grand jurors is com-
mitted the preservation of the peace of the county, the
care of bringing to light for examination, trial, and pun-
ishment all violence, outrage, indecency, and terror—
everything that may endanger and bring disturbance or
dismay to the citizen," and while it is said "they are
watchmen, stationed by the law to survey the conduct of
their fellow-citizens and inquire when and by whom pub-
lic authority has been violated, or the constitution and
law infringed," they are nevertheless held, in the per-
formance of these responsible duties, to the observance
of all requirements by law imposed as pre-requisites to
make a valid indictment, and by the non-observance of
which they would become the oppressor instead of the
protector of the citizen.    Under all the authorities one of
these pre-requisites, we think, is that before the accusa-
tion assumed the form of an indictment, evidence should
be heard on which to base it, and that on indictment
found and returned into court without the offence which
it sets forth having been inquired into, and without any
evidence having been heard in support of the accusation,
will, when these facts are made clearly manifest to the
court, be quashed, on motion made for that purpose, by
the accused.

Our statutes relating to grand juries are framed
on this theory, and explicitly forbid them from finding
an indictment on their own knowledge without first
being sworn as witnesses, when it declares that "if a
grand juror knows of the commission of an indictable
offence or any material fact touching the same, he must
declare such fact to his fellows, and must be sworn as a
witness upon the investigation before them." That it was
never contemplated that a grand jury should be em-
powered to find an indictment without first having inves-

tigated the charge and heard evidence, is shown by the fact that each grand jury is sworn diligently to inquire and true presentment make of offences against the laws of the state, committed or triable in the county, of which they have or can obtain legal evidence ; and it is further shown by section 1802, Revised Statutes, which provides that "when an indictment is found by the grand jury, the names of all material witnesses must be endorsed upon the indictment." This section, in the case of *State v. Roy*, 83 Mo. 268, was decided to be of such a nature that a non-compliance with it in failing to make such indorsement before a motion to quash was determined, would be sufficient to justify the trial court in quashing it. If a failure to indorse on an indictment found on the evidence of witnesses, the names of such of them as are material for the state, is good ground for quashing it, it logically and inevitably follows that the fact of an indictment being found without any witnesses at all being examined, whereby a compliance with the statutory requirements would be rendered utterly impossible, would afford as strong, if not a stronger reason for quashing it.

The proposition that an indictment found by a grand jury without any evidence, will be quashed on defendant's motion, if he sustain the same by proper and competent evidence, is established by the following authorities: *State v. Sparrenberger*, 53 Ala. 484; *People v. Restenblatt*, 1 Abb. (N. Y.) 268; *State v. Froiseth*, 16 Minn. 296; *United States v. Coolidge*, 2 Gall. 364; *Ashburn v. State*, 15 Georgia 246; *State v. Cain*, 1 Hawks (N. C.) 352; *State v. Robinson*, 2 Am. Cr. Rep. (Hawley) 654; *United States v. Farrington*, 5 Fed. Rep. 343. In such an inquiry the question is not as to the sufficiency of the evidence before the grand jurors, for of that they are the judges, but it is whether they had before them any evidence at all. If it were otherwise, it would result that the court would become the tribunal to indict as well as the tribunal to try the case. Some of the authorities above cited go so far as to say that the fact as to whether

an indictment was found without the concurrence of the requisite number of grand jurors, or without any evidence having been heard, may be shown by the grand jurors. The cases giving rise to this line of decisions are *Low's case*, 4 Greenleaf (Maine) 439, and *Commonwealth v. Smith*, 9 Mass. 107. And inasmuch as these cases were brought to the attention of this court in the case of *State v. Baker*, 20 Mo. 339, and were not followed, but expressly disapproved, we cannot go to the length of saying that a grand juror would be a competent witness to prove the fact that an indictment was found without any evidence.

In the case of *State v. Baker*, *supra*, it was sought to prove by the grand jurors that the indictment returned had not been concurred in by twelve of their number, and it was held that they were incompetent witnesses for that purpose, and among other reasons given for the ruling it was said to be "a general principle that no juror, grand or petit, can be heard to prove his own misconduct or that of his fellows." While under this rule a juror, either grand or petit, may be incompetent to prove any fact to impeach their verdict or finding, it is nevertheless well established that impeaching facts may be proven by other evidence, and as to the verdict of petit jurors, such practice is of common occurrence. But in the case before us, the defendant did not offer to prove the misconduct of the jury in returning the indictment against him, by any one of their number, but proposed to show the fact by the prosecuting attorney that no witnesses were examined before the grand jury, and that the indictment was indorsed by the foreman and returned into court on his recommendation and suggestion, that a former grand jury had investigated the facts and determined upon the indictment, but by accident had failed to return it. This evidence the court refused to receive, and in doing so committed error, inasmuch as it tended to strengthen the allegation made in motion to quash.

For the reasons given herein the judgment of the St.

Louis court of appeals, reversing the judgment of the circuit court and remanding the cause, is affirmed. All concur.