STATE OF MISSOURI, Defendant in Error, v. HENRY KIRSCHNER, Plaintiff in Error.

Kansas City Court of Appeals, November 22, 1886.

1. CRIMINAL LAW—PROSECUTION BY INFORMATION—REQUIREMENTS OF SECTION 1762, REVISED STATUTES.—Under section 1762, Revised Statutes, all informations are required to be verified by the oath of the prosecuting attorney, "or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person." *Held*, that a person convicted of grand larceny in 1872, and by the statutes *then* in force, was rendered incompetent to testify as a witness; is not rendered competent by the change made by the Revision of 1879, and is still incompetent.

2. ——— REMOVAL OF INCOMPETENCY OF WITNESS—PARDON, EFFECT OF.—The incompetency of a witness by reason of conviction of crime, could only be removed by a full pardon of the offence of which he was convicted. *Held*, that the paper in this case is not a pardon of the offence, and is not a pardon.

ERROR to Cole Circuit Court, HON. E. L. EDWARDS, Judge.

*Reversed and defendant discharged.*

Statement of case by the court.

This was a prosecution by information of the prosecuting attorney, verified by the oath of one James Wilkerson, instituted in the circuit court against the defendant, in 1885.

James Wilkerson, in 1872, was convicted in the circuit court of Cole county of grand larceny, and was sentenced to imprisonment for two years in the penitentiary. Before the expiration of his sentence Wilkerson was granted by the governor of the state what is denominated a pardon, the material portion of which document is as follows:

"State of Missouri: To all who shall see these presents, greeting:

"Know ye that, by virtue of authority in me vested by law, and for good and sufficient reasons appearing, I, Silas Woodson, governor of the state of Missouri, do hereby release, discharge and forever set free James Wilkerson, who was, at the November term, A. D., eighteen hundred and seventy-two, by a judgment of the circuit court of Cole county, sentenced to imprisonment in the state penitentiary for the term of two years, for the crime of grand larceny, and I do hereby entitle the said James Wilkerson, to all the rights, privileges and immunities which by law attach and result from the operation of these presents. Conditioned, that the said James Wilkerson immediately upon his release, leave the county of Cole, and never return thereto voluntarily."

The court was asked to hold that the information was insufficient, because it was verified by the oath of

Wilkerson, and he was incompetent to testify as a witness in the case. The court refused to so hold.

EDWARDS & DAVISON, for the plaintiff in error.

I.   The court erred in not sustaining the motion to quash; the word "liquor" was left out in the averment as to license. This was not then a charge of violating the dramshop law.

II.   The prosecuting witness in this case was incompetent to testify. The statute requires the affidavit to the information to be made by the prosecuting attorney, *or by the oath of some person competent to testify as a witness in the case.* Section 1762, Revised Statutes. It is admitted that the person who made the affidavit to the information in the case was convicted in 1872 of a felony which disqualified him as a witness, and it is admitted that he received from the governor a release from the penitentiary, under what is termed a three-fourths pardon. But this does not restore him to his competency as a witness. The affidavit, therefore, is not a legal one, and the judgment must be reversed, the information not having been verified as required by the statute, and the prisoner discharged. *State of Mo. v. Grant,* 79 Mo. 113.

No brief for the defendant in error.

HALL, J.—Under section 1762, Revised Statutes, the information had to be verified by the oath of the prosecuting attorney, "or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person." Unless Wilkerson was competent to testify in the case the information was not verified and was consequently insufficient.

The question, then, is, was Wilkerson a competent witness? Wilkerson was convicted of grand larceny in 1872, and by the statutes then in force was rendered incompetent to testify as a witness. The change made in

the statutes by the revision of 1879 did not have the effect to remove Wilkerson's incompetency. *State v. Grant*, 79 Mo. 113.

Wilkerson was, then, incompetent to testify as a witness in the case, unless the so-called pardon issued by the governor of the state, removed his incompetency. Wilkerson's incompetency as a witness could only be removed by a full pardon of the offence of which he was convicted. *State v. Grant, supra.* The paper, called a pardon in this case, is not a pardon of the offence of which Wilkerson was convicted. The paper does not purport to be a pardon of such offence. The paper only releases and discharges Wilkerson from the penitentiary; the offence remains unpardoned.

As long as the offence remains unpardoned Wilkerson's incompetency as a witness continues. *State v. Grant, supra*, and authorities cited on page 127.

Not being a pardon the paper could not have removed Wilkerson's incompetency as a witness, but it does not purport to removed such incompetency. After discharging and releasing Wilkerson from the penitentiary, it simply, in addition thereto, entitles him to all the rights, privileges and immunities which by law attach and result therefrom, one of which rights, privileges, and immunities is not to testify as a witness.

Wilkerson was incompetent to testify as a witness in this case. The information was, therefore, not verified and was insufficient.

The judgment is reversed and the defendant is discharged. Ellison, J., concurs; Philips, P. J., not sitting.