STATE OF MISSOURI, Respondent, v. T. M. SAYMAN, Appellant.

St. Louis Court of Appeals, February 26, 1895.

1. **Criminal Law**: INFORMATION IN CIRCUIT COURT: VERIFICATION. An information filed in the circuit court is fatally defective, if it is not verified by the oath of the prosecuting attorney, or some other competent person.

2. ————: LICENSE OF ITINERANT VENDERS OF DRUGS: COLLECTION OF LICENSE TAX. *Semble*, that section 6880 of the Revised Statutes, which requires the payment of a license fee by every itinerant vender of drugs, "to be collected as provided for by law, as other licenses are now collected," and which provides a penalty for the violation of that requirement, is sufficiently definite, and that it intends that the license tax should be collected by the county collector of the county in which the calling is practiced, or other acts are done, for which the license is prescribed.

3. ————: ————: INFORMATION. *Held*, in the course of discussion, that an information or indictment, which charges the offense only in the words of the statute under which it is framed, is insufficient if the statute does not describe or specify the offense created by it.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED (*with directions*)

*Flanigan & Booth* for appellant.

No brief filed for respondent.

BOND, J.—An information was filed in the circuit court of Howell county on the eighteenth of December, 1893, which, omitting the caption and signatures, is to wit:

"S. L. J. Galloway, prosecuting attorney within and for the county of Howell, in the state of Missouri,

under his oath of office informs the court that on the tenth (10) day of November, 1893, at the said county of Howell, T. M. Sayman did then and there unlawfully and willfully vend and sell drugs, nostrums and ointments, intended for the treatment of diseases and injuries; and did then and there by printed circulars and by public speeches publicly profess to treat and cure diseases and injuries by the use of drugs, nostrums and ointments; the said T. M. Sayman being then and there an itinerant vender of such drugs, nostrums and ointments, and not having paid to the state of Missouri the license fee required by law, and without having any other legal authority to vend and sell such drugs, nostrums and ointments, in violation of section 6880, Revised Statutes of 1889, against the peace and dignity of the state."

The statute upon which said information is based is as follows:

"Any itinerant vender of any drug, nostrum, ointment or appliance of any kind, intended for the treatment of disease or injury, or who shall, by writing or printing, or any other method, publicly profess to cure or treat diseases, injuries or deformities by any drug, nostrum, manipulation or other expedient, shall pay to the state a license of one hundred dollars per month, to be collected as provided for by law, as all other licenses are now collected, and any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not to exceed five hundred dollars, or by imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment." R. S. 1889, sec. 6880.

The defendant was tried and convicted under said information, and his punishment assessed at a fine of $250. He appeals to this court.

The information in this case is fatally defective for want of verification by the oath of the prosecuting attorney, or some other competent person. R. S. 1889, sec. 4057; *State of Missouri v. Pruett*, 61 Mo. App. 156. This defect necessarily involves the reversal of the judgment in this cause and prevents an authoritative adjudication of the point made in appellant's brief, that the statute upon which the information was based does not, by reason of the uncertainty of its terms, create any offense.    It seems to us, without deciding the point, however, that this objection is untenable.    It may be granted that the portion of the statute providing for the collection of the license of $100, to be paid to the state by the person designated is cumbrously expressed.    The clause of the statute on this subject is to wit:  "To be collected as provided for by law, as all other licenses are now collected."    This language is repetitious in the use of the terms "as provided for by law."    It is also indefinite in not mentioning by name the officer authorized to collect the license.    Notwithstanding these defects, its meaning appears with reasonable certainty to be that the license tax imposed therein shall be paid to the officer whose duty it is to collect the state revenue from all other licenses. Under the law this is done by county collectors within their respective counties, who are the recognized representatives of the state in the collection of the revenue accruing to it either from general taxation or the issuance of licenses.  R. S. 1889, secs. 7585, *et seq.*, 7215, 6901, 6902, 6903, 6913. It seems plain, therefore, that the foregoing language of the statute, *supra*, placed the collection of licenses required thereby in the hands of the county collector of that county where the calling is practiced, or the other acts done, for which the license is prescribed.    This construction is but an application of the maxim, *Id certum est quod certum*

*reddi potest.* For the use of the terms, "as all other licenses are now collected," in effect points out the county collector (who is authorized to collect all other state licenses) as the proper functionary to collect the one imposed for the benefit of the state in this section.

We also refrain from discussing the assignment of error as to the sufficiency of the language of the information, *supra*, in specifying either of the offenses created by the terms of the statute. It is the settled law that, where a statute does not describe or specify the offense created by it, an information or indictment framed thereunder, which charges the offense in statutory words *only*, is insufficient. *State v. Terry*, 109 Mo. *loc. cit.* 615; *State v. Kesslering*, 12 Mo. 565; *State v. Davis*, 70 Mo. 467; *State v. Rochforde*, 52 Mo. 199; *State v. Crocker*, 95 Mo. 389; Bishop on Criminal Practice, section 566.

Our conclusion is that the motion in arrest of judgment in this case, grounded on the insufficiency of the information, should have been sustained. We also think, from examination of the testimony in this case, that there are reasonable grounds to believe defendant can be convicted of an offense, if properly charged. We, therefore, reverse the judgment, and remand the cause with directions to proceed under the provision of section 4275 of the Revised Statutes of 1889. *State v. Raymond*, 54 Mo. App. 425. It is so ordered. All concur.