STATE OF MISSOURI, Respondent, v. WILLIAM C. BRAGG, Appellant.

### St. Louis Court of Appeals, May 28, 1895.

1. **Criminal Law**: SETTING ASIDE OF ORDER FOR CHANGE OF VENUE. An order for a change of venue in a criminal prosecution for a misdemeanor may be set aside by the court which made it, if this is done during the term at which the order was made and after notice to, and in the presence of, the defendant; and the consent of counsel for the defendant to the order of rescission is equivalent to such notice and presence.

2. ———: VERIFICATION OF INFORMATION. When an information for a misdemeanor is filed in a court of record, the verification of it is essential to its validity.

3. ———: ———: AMENDMENT NUNC PRO TUNC. When a defendant has been brought into such court upon an information which appears, not to have been verified, he is entitled to notice of, and an opportunity to be heard on, an application for the amendment of the information by the insertion of a verification as of the date of the filing; and such amendment, if made without such notice and opportunity, is erroneous.

4. ———: EXECUTION OR PUTTING INTO USE FRAUDULENT CONVEYANCE. *Semble,* that a conviction can not be had under section 3568 of the Revised Statutes for the execution or putting into use of a conveyance to defraud creditors, when the elements essential under the civil law to a fraudulent conveyance of this character are lacking; and, accordingly, that a conviction can not be had, when the conveyance is not prejudicial to the rights of the creditors of the grantor, as where the property conveyed is encumbered by prior valid liens in excess of its value.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*John R. Warfield, Mason G. Smith* and *Chester H. Krum* for appellant.

*F. A. Heidorn*, Prosecuting Attorney, and *R. Lee Mudd* and *Zach J. Mitchell* for respondent.

BOND, J.—On the twenty-second of March, 1894, an information was filed against defendant in the circuit court of St. Louis county, charging him with executing a fraudulent conveyance of certain real estate, and putting the same in use as having been made in good faith, with intent to defraud certain creditors mentioned in the information. The information was signed by the prosecuting attorney. Below his signature there was written an undated and unsigned jurat. This information recited, among other things, in avoidance of the statute of limitations of one year, that a former information filed against the defendant for the same offense was quashed September 18, 1893.

Defendant gave bond for his appearance at the following term of the court, at which time he applied for a change of venue, which was allowed by the court on the eighth of June of said term upon the recognizance of defendant then entered into for his appearance at the next term of the circuit court of Gasconade county. During the same term of the circuit court of St. Louis county, whereat the change of venue was thus granted, the prosecuting attorney filed a motion to set aside the said order granting the change of venue and for permission to the clerk to affix to the form of jurat on the information his official signature, the seal of the court and the date of March 22, 1894, being the time when the information was filed. On the eighth of August, and at the same term, the court sustained said motion to set aside the order changing the venue, and granted leave "to file an amended information." At the following term on November 30, 1894, the court made a further order giving leave

to the prosecuting attorney to amend the affidavit to the information by inserting therein the date March 22, 1894, and the signature of the clerk attesting the jurat, which, as above seen, was wanting in the information filed. The cause was thereafter tried by the court, a jury being waived, and judgment of conviction entered on December 7, 1894, from which this appeal is prosecuted.

The evidence disclosed that the defendant made a deed on the twenty-eighth of September, 1891, to the real estate described in the information to one Hubbard for the consideration of $1,436.50 and the assumption by the grantee of prior encumbrances amounting to $3,680; that, on the same day, said Hubbard released five deeds of trust in his favor made by defendant on the same property and securing an aggregate indebtedness of $1,233.38 with interest from the date of the several deeds of trust; that these two conveyances were filed for record within a few moments of each other, the release first, and the deed immediately thereafter; that about four days prior to these conveyances the defendant had a conversation with certain of his creditors, named in the information, and their attorney, and sought to secure a continuance of the suits then pending for trial against him; that in these conversations he said that, if the suits in question were not continued until January, "it would be worse for them and better for him." The continuance was refused, and, on October 7, 1891, said creditors secured judgments against defendant aggregating $2,274.52. Executions under these judgments were levied upon the property deeded by defendant to Hubbard, which was sold by the sheriff and purchased by said creditors.

It is insisted that the order of court, changing the venue to Gasconade county upon the recognizance of defendant to appear at that court, was divestiture of

jurisdiction, on the part of the circuit court of St. Louis county, of the subject-matter and the person of defendant, until the cause should be remanded by some order of the court to which it had been transferred. When a change of venue is legally ordered and the term has expired, the court making such transfer loses all further jurisdiction of the cause. In the case at bar the order rescinding the one for change of venue was made at the same term and by consent of the defendant through his attorney. Such consent was equivalent to prior notice and to the actual presence of defendant—this being a misdemeanor—when the rescinding order was made. That the court, upon notice to defendant and in his presence, had the power at the same term to set aside a previous order for a change of venue can not be denied under the decisions in this state. *State v. Webb*, 74 Mo. 333; *Leise v. Mitchell*, 53 Mo. App. 563; *Colvin v. Six*, 79 Mo. 198. Nor can it be doubted that the court had the power at the same term to set aside a change of venue, if the same had been improvidently granted. *State v. Gabriel*, 88 Mo. 631. Neither of these propositions are contravened by the decision of Judge GANTT in *State v. Noland*, 111 Mo. *loc. cit.* 473. It was merely held in that case that, before an entry of an order of removal, it was competent for the court to permit the defendant to withdraw his application for such order. This announcement in no wise overrules the doctrine of the cases cited above. The point made by appellant as to want of power in the circuit court to rescind its order under the facts shown in this record is untenable.

It is next urged that, conceding the power in the circuit court of St. Louis county to set aside its order for change of venue, it erred, on the facts in this record and against the objection of defendant, in directing the prosecuting attorney to amend "the affidavit to the

information herein filed by him, by supplying or insert-
ing the date, signature of the clerk, seal of the court,
as of the same day on which said information was
filed, to wit, March 22, 1894." Up to the time of the
allowance of this amendment, November 30, 1894, the
information was on its face fatally defective, and would
not have supported a conviction thereunder. Revised
Statutes, 1889, sec. 4057; *State v. Kirschner*, 23 Mo.
App. 349; *State v. O'Connor*, 58 Mo. App. 457; *State
v. Pruett*, 61 Mo. App. 156; *State v. Sayman*, 61 Mo.
App. 244. Neither would the information prior to its
verification in the statutory mode warrant the arrest of
defendant. *Harris v. Durkee*, 50 N. Y. S. C. Rep. 202.
By the amendment in question it was designed to attach
to the information evidence of its verification, on the
theory that such verification was had when the infor-
mation was filed, and that due attestation thereof was
not then made by the misprision of the clerk. As there
was nothing in the record sustaining this theory, it could
only have been substantiated by matter *in pais*. Such
theory was suggested in the motion filed by the prose-
cuting attorney to annul the order for change of venue;
in sustaining that motion, however, the court only gave
leave to the prosecuting attorney "to amend the infor-
mation." It did not make the order permitting the
completion of the jurat appended to the information
until the following term of court, to wit: November
30, 1894. For the order then made there is no basis in
the record, nor was there even an affidavit or statement
in support thereof by the clerk, who should have
administered and attested the oath to the information,
if one was in fact made, when it was filed. Neither
does the record show that any notice was given to the
defendant or any opportunity afforded him to oppose
the making of the order in question. That it vitally
affected his interests is self-evident, since the informa-

tion on file against him, before verification, was not the institution of a suit within the purview of the statute. The information was not in fact verified until November 30, 1894, which was more than one year after the termination of the former prosecution. Before the court was warranted in making such a change, it should have required due notice of the application therefor to be given the defendant with opportunity on his part to resist the same. *George v. Middough*, 62 Mo. 549, 551.

As the ruling of the court against the right of defendant in this respect necessitates a reversal of this case involving a new trial, it is proper to say that the statute (R. S. 1889, sec. 3568) under which this prosecution was taken creates two offenses: *First.* The one, a mere fraudulent conveyance for the making of which the grantor is guilty of a misdemeanor. *Second.* A fraudulent conveyance, and putting the same in use as made in good faith, which may be done by either or both of the parties. In neither case, however, could a conveyance under this statute be deemed fraudulent, unless it had the elements essential to create a fraudulent conveyance as defined in the civil law. One of these is that the possible operation of the conveyance shall be injurious to creditors; for, if it could not prejudice the rights of creditors, the conveyance is not open to attack by them as fraudulent and can not be annulled on that ground. As an illustration of this it is apparent that a conveyance by a debtor of property exempt from execution can not be impeached as fraudulent, irrespective of the intent of the parties. *Hart v. Leete*, 104 Mo. 315; Story on Equity Jurisprudence, sec. 366; Beach on Modern Equity, sec. 106. On the same principle it would seem the conveyance of property encumbered beyond its value by valid record liens could not be assailed, since nothing would be parted with in which the creditors have any interest.

If, therefore, it should appear on a retrial that the defendant conveyed to Hubbard property of less value than the prior charges thereon and in which defendant had no interest, and received nothing from Hubbard in consideration of such conveyance, but the same was taken by said Hubbard as payment or security for the indebtedness due him by defendant, it would be questionable whether there would be any ground, by virtue of such conveyance, for a conviction under the statute *supra*.

The judgment herein is reversed and the cause remanded. Judge ROMBAUER concurs; Judge BIGGS not sitting.