'THE STATE, *Appellant*, v. COLE *et al.*

Division Two, November 7, 1898.

1. **Appellate Practice:** MOTION TO QUASH INDICTMENT: BILL OF EXCEPTIONS: FAILURE TO INCORPORATE EVIDENCE. Where a motion to quash an indictment, one of the grounds being that it was found without evidence, is sustained by the trial court, after the taking of evidence upon the motion, the Supreme Court will indulge the presumption that the court ruled correctly if the evidence has not been incorporated into the bill of exceptions.

2. **Motion to Quash Indictment:** BY WHOM PROOF MAY BE MADE. Proof that an indictment was found without evidence, upon a motion to quash for that reason, may be made by the testimony of the prosecuting attorney, but not by that of a member of the grand jury.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *J. C. Storm* for appellant.

*Campbell & Campbell* for respondents.

(1) If this indictment was found without evidence, as alleged in the motion to quash, then the action of the lower court in quashing said indictment was proper. The evidence is not called for or preserved in the bill of exceptions. It therefore follows that this court has not before it, the case on which the lower court passed. And this court can not say that the circuit court erred unless it is shown that the evidence heard by said court did not prove the allegations of the motion that no evidence was heard by the grand jury. *Spence v. Crow*, 47 Mo. App. 321; *Kansas City v. Neal*, 49 Mo. App. 72; *Miller v. Leeper*, 120 Mo. 466; *Flynn v. Neosho*, 114 Mo. 567; *Smith v. Johnson*, 107 Mo. 494.

BURGESS, J.—Defendants were indicted in the circuit court of Adair county for violating the local option law by selling as druggists in the city of Kirksville in said county, intoxicating liquors to one S. N. Denton in less quantity than four gallons, without him the said Denton having first obtained a written prescription from a regularly registered and practicing physician authorizing such sale.

At the October term, 1897, defendants filed their motion to quash the indictment upon the following grounds:

"1. Because it does not allege that the city of Kirksville was an incorporated city.

"2. Because the local option law is unconstitutional.

"3. Because said indictment was found, if found at all, by the October grand jury without having any evidence touching the guilt or innocence of the accused."

The motion was sustained and the State appealed.

While the record discloses that by agreement of parties evidence was heard upon the motion to quash the indictment, the evidence is not incorporated in the bill of exceptions, so that we are unable to pass upon its legal effect, and under the circumstances the presumption must be indulged that the court ruled correctly. If an indictment be found by a grand jury without any evidence, it will be quashed on motion of defendant, if he sustain the motion by proper, and competent evidence, and proof of such fact may be made by the testimony of the prosecuting attorney, but it seems that it can not be made by a member of the grand jury. *State v. Grady*, 84 Mo. 220, and authorities cited.

VOL. 145 mo—43

It will be presumed that it was upon this ground that the motion was sustained.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.