STATE OF MISSOURI, Respondent, v. RUNZI et al., Appellants.

St. Louis Court of Appeals, March 1, 1904.

1. INFORMATION: Verification: Motion to Quash. An information not supported by affidavit, as required by section 2477, Revised Statutes of 1899, will be held bad on a motion to quash.

2. ——: ——: Objection Can Not be Made on Appeal. But such an affidavit forms no part of the information itself, and the omission of it, if objection is not taken by timely and specific motion, will be considered waived; the objection can not be made for the first time, after judgment, by motion in arrest, or on appeal in the court of appeals. (Overruling State v. Connor, 58 Mo. App. 457 and State v. Sayman, 61 Mo. App. 244.)

3. OPTION DEALING: Information. An information under section 2339, Revised Statutes of 1899, which charges that defendants kept an office, store or place "wherein was conducted, and. permitted, the pretended buying and selling of shares of stocks and bonds, etc.," was fatally deficient in that it failed to allege who permitted the buying and selling or that defendants had knowledge of the unlawful acts.

4. INFORMATION: Language of Statute. An information in the language of the statute creating the offense, sought to be charged, is sufficient where the statute so far individuates the offense that the defendant has proper notice, by its terms, of the offense for which he is to be tried.

5. ——: ——: Option Dealing: Exhibiting Quotations. An information under section 2338, Revised Statutes of 1899, charging, in the language of that statute, that defendants permitted the exhibition and display upon a blackboard the quotations of the price of stocks, etc., and locating the offense in the proper county, is sufficient, and need not more particularly describe the place nor allege who saw the exhibition.

6. ——: ——: ——: ——: Each Day's Exhibit a Separate Offense. Where the offense is charged in several counts, as committed on successive days, it will not be treated as one count charging continuing offense, but each day's exhibition of quotations was a separate offense.

Appeal from Montgomery Circuit Court.—*Hon. E. M. Hughes*, Judge.

AFFIRMED IN PART, AND REVERSED IN PART.

*Chester H. Krum* and *J. D. Barnett*, for appellants.

(1)   The information is fatally defective, because not verified by the oath of the prosecuting attorney, or some other person, or supported by the affidavit of such person. R. S. 1899, sec. 2477; State v. O'Connor, 58 Mo. App. 457; State v. Cayman, 61 Mo. App. 244; State v. Pruett, Id. 156; State v. Bragg, 63 Mo. App. 22; State v. Bonner, — Mo. —. Counts two to ten, inclusive, do not state offenses. R. S. 1899, sec. 2338. (2)   If the case is remanded, the court should direct the trial court to treat counts two to ten, inclusive, not as stating separate offenses, but as covering one transaction.

*Barclay & Fauntleroy*, for respondent.

(1)   It is too late to raise first in this court the objection that no proper verification or collateral support (by affidavit of a third party under section 2478, Laws 1901, p. 139) appeared in the circuit court. Lambert v. People, 29 Mich. 71; State v. Osborn, 54 Kansas 473; Alexander v. Hayden, 2 Mo. 212; Houston's Admr. v. Thompson's Admr., 87 Mo. App. 68; Naylor v. Chinn, 82 Mo. App. 160; Furrow v. Chapin, 13 Kansas 107; Chidsey v. Powell, 91 Mo. 622. (2) Even if the record showed (and we claim that it does not) a total want of such verification or support, the defect would be, at worst, an irregularity. State v. Chadwick, 10 Oregon 423. (3)   Some of the cases above cited indicate that such a defect is not jurisdictional. The information would have been amendable

if the objection now assigned had been made in season. State v. Broeder, 90 Mo. App. 167; Kincheloe v. Gorman's Admrs., 29 Mo. 422. (4) The omission of a verification does not affect the "substantial rights of the defendant upon the merits," and is cured by the healing process prescribed for such cases by the statutory Doctor Jeofails. R. S. 1899, secs. 2535, 2481; State v. Patton, 94 Mo. App. 32 (67 S. W. 970); State v. Craig, 79 Mo. App. 416; State v. Bonnie, 85 Mo. App. 462; State v. Fleming, 90 Mo. App. 241. (5) (a) Verification by the prosecuting attorney is not absolutely demanded by the statute; he may base his information "upon the affidavit filed of a private citizen, either with the clerk in vacation or with the prosecuting attorney" (to quote the words of the second division of the Supreme Court). R. S. 1899, sec. 4277; State v. Gregory (Sup. Ct., Mo., Nov. 17, 1902), 76 S. W. 970; State v. Bonner, 77 S. W. 463; State v. Hicks, Sup. Ct. unreported. Such an affidavit is not a part of the record proper. (b) Its presence or absence can only be shown on appeal by bill of exceptions, and here the record is entirely silent on that point. It is a general rule of practice that an omission to verify a pleading must be made the ground of timely and specific objection or the omission is considered waived. B. & P. R. Co. v. Church, 91 U. S. 127; State v. Duncan, 116 Mo. 288; State v. Smith, 114 Mo. 423; Mercantile Co. v. Burrell, 66 Mo. App. 117; Huntington v. House, 22 Mo. 365; Chidsey v. Powell, 91 Mo. 622; Ruch v. Jones, 33 Mo. 394; Kelly v. Thuey, 143 Mo. 422. (6) Even a recital of the filing of the affidavit is not part of the record proper, and could only become so by bill of exceptions. Phillips v. Jones, 75 S. W. 920. (7) And if there was such a recital or the record is silent on that point the matter would be equally foreclosed from review. State to use v. Mason, 31 Mo. App. 211; State v. Reed, 154 Mo. 122. (8) The information, as

a pleading, is not required by law to disclose on its face whether it is founded on such an affidavit of a third party, or on facts verified by the prosecuting officer himself. State v. Ransberger, 106 Mo. 135; State v. Morse, 55 Mo. App. 332. (9) Verification by the prosecuting attorney and, yet more, a collateral affidavit are matters "not necessary to be proved," and therefore (even if viewed as parts of the information) the want of either is not reversible error by reason of the express terms of the statute of jeofails in criminal cases concerning matters not necessary to be proved. State v. McCoy, 162 Mo. 388.

BLAND, P. J.—The first count of the information is as follows:

"State of Missouri, county of Montgomery, ss.

"In the circuit court, at city of Montgomery, May term, 1903.

"State of Missouri, plaintiff, v. Donovan Commission Company, a corporation, Phillip McDermott, president of said corporation, C. E. Hayden, business manager of said corporation, and Charles Runzi and P. B. Burch, agents and employees of said corporation, defendants.

"First count.

"A. W. Lafferty, prosecuting attorney in and for Montgomery county, Missouri, under his oath of office, informs the court that defendants, the Donovan Commission Company, a corporation duly organized and existing under and by virtue of the laws of the State of Missouri, Phillip McDermott, president of the said Donovan Commission Company, C. E. Hayden, business manager of said Donovan Commission Company, and Charles Runzi and P. B. Burch, agents and employees of said Donovan Commission Company, on the twenty-first day of March, 1903, at and in the county of Montgomery, in the State of Missouri, did then and there,

unlawfully and willfully keep and cause to be kept, an office, store or place, wherein was conducted, and permitted, the pretended buying and selling of shares of stocks and bonds, of corporations, petroleum, provisions, cotton, grain and agricultural products, on margins, and otherwise, without any intention of receiving and paying for the property so bought, or of delivering the property so sold, and wherein was conducted, and permitted, the pretended buying and selling of shares of stocks and bonds of corporations, petroleum, provisions, cotton, grain and agricultural products, on margins, when the parties selling the same, or offering to sell the same, did not intend to have the full amount of such property on hand or under their control, to deliver upon such sales, and when the parties buying such property or offering to buy the same, did not intend actually to receive the same, if purchased; against the peace and dignity of the State.''

The second count is as follows:

''A. W. Lafferty, prosecuting attorney in and for Montgomery county, in the State of Missouri, under his oath of office, further informs the court that defendants, the Donovan Commission Company, a corporation duly organized and existing under and by virtue of the laws of the State of Missouri, Phillip McDermott, president of said Donovan Commission Company, C. E. Hayden, business manager of said Donovan Commission Company and Charles Runzi and P. B. Burch, agents and employees of said Donovan Commission Company, on the twentieth day of March, 1903, at and in the county of Montgomery, in State of Missouri, did then and there unlawfully and willfully, permit the communication, reception, exhibition and display upon a blackboard in a certain room by defendants then and there kept and maintained, statements and quotations of prices of shares of stocks and bonds of corporations, petroleum, provisions, cotton, grain and agricultural products, with a view to the purchase and sale, and the

pretended purchase and sale, and the making of contracts and agreements for the purchase and sale, by themselves and other persons frequenting said room so kept and maintained by defendants, of shares of stocks and bonds of corporations, petroleum, provisions, cotton, grain and agricultural products, on margins and otherwise, without any intention on the part of themselves or such other persons, of receiving and paying for the property so bought, or of delivering the property so sold, and with a view to the buying and selling. and the pretended buying and selling, by themselves and other persons frequenting said room so kept and maintained by defendants, of shares of stock and bonds of corporations, petroleum, provisions, cotton, grain and agricultural products, on margins, and on optional delivery, without any intention on the part of themselves or such other persons, of having the full amount of property so sold, and offering to be sold, on hand or under their control to deliver upon such sales, and without intending actually to receive the full amount of such property, if purchased; against the peace and dignity of the State.''

There were eight other counts like the second, except as to dates, covering the following dates: February 4, 5, 13, 16, 18 and 20, and March 19 and 24, 1903. There were five additional counts, but as they were dismissed at the close of the State's evidence, it is not necessary to notice them here. The cause was dismissed as to C. E. Hayden before the trial commenced and as to the Donovan Commission Company and McDermott at the close of the State's evidence. The issues on the first to the tenth counts inclusive were submitted to the jury who, after hearing the evidence and receiving the instructions of the court, returned the following verdict:

''We, the jury, find the defendants guilty under the second count of the information and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the third count of the information and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the fourth count of the information and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the fifth count of the information, and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the sixth count of the information, and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the seventh count in the information and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the eighth count of the information and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the ninth count of the information and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the tenth count of the information, and we assess their punishment at a fine of three hundred dollars each.

"And we further find the defendants guilty under the first count of the information, and we assess their punishment at a fine of five hundred dollars each.

"(Signed)      W. W. DANIELS, Foreman."

After unavailing motions for new trial and in arrest of judgment, defendants Runzi and Burch appealed to this court.

1. The information was not verified by the oath of the prosecuting attorney or by the oath of a person competent to testify, nor was it supported by the affidavit of a person competent to testify, as required by section 2477, R. S. 1899. The objection to the information, that it was not verified by affidavit, was not raised in the trial court by motion to quash, nor was it raised

by the motion in arrest of judgment; it is raised for the first time here. It would serve no useful purpose at this time to review and restate the divergent views expressed by our appellate courts in respect to the nature and definition of a criminal information under our State Constitution. I think it is settled by abundant authority that the legislature of the State has the constitutional right to regulate the procedure by information in criminal cases and to prescribe a procedure different from that of the common law, and hence has authority to require that informations shall be verified by the affidavits of the prosecuting attorney or by the affidavit of some person competent to testify as a witness in the case. State v. Bonner, 77 S. W. (Mo. Supreme Court) 463; State v. O'Connor, 58 Mo. App. 457; State v. Sayman, 61 Mo. App. 244; State v. Bragg, 63 Mo. App. 22; State v. Hicks, Division 2, Mo. Supreme Court, (not yet reported).

There are two decisions of this court, to-wit: State v. O'Connor, and State v. Sayman, supra, which hold that verification of an information by affidavit is essential to its validity. In State v. O'Connor, the sufficiency of the information was raised after conviction, by motion in arrest of judgment; in State v. Sayman, it was raised for the first time on appeal to this court. It seems to me that this court, in State v. O'Connor, and State v. Sayman, had an incorrect and erroneous conception of the purpose and scope of section 2477, supra. The affidavit in support of an information, I do not think, is any more a part and parcel of the information than is the evidence taken by a grand jury upon which they find an indictment, a part and parcel of the indictment. If an information is not supported by the requisite verification, the defect does not affect the form or substance of the information but is only a departure from the statutory requirement, that it be verified before it is filed, and for this reason is open to attack by a motion to quash, just as is an indictment open

to a like attack if presented by a grand jury who heard no evidence upon which to base it. State v. Grady, 12 Mo. App. 361; s. c. 84 Mo. 220; State v. Cole, 145 Mo. 672. But it was never imagined that after conviction on an indictment the defendant, by a motion in arrest or otherwise, could go behind the indictment for the purpose of setting aside the conviction, and show that the indictment had been found by the grand jury without hearing any evidence. Section 2515, R. S. 1899, prohibits the finding of an indictment for certain enumerated offenses, unless the name of the prosecuting witness is indorsed thereon as prosecutor. If an indictment falling within the provisions of this section, is presented without the name of the prosecutor indorsed thereon, it may, on motion, be quashed. State v. Joiner, 19 Mo. 224. But no lawyer would contend for a moment that after conviction, the judgment could be arrested for the reason the name of the prosecutor was not indorsed on the back of the indictment as required by the statute. Section 2510, R. S. 1899, requires that every indictment returned by a grand jury shall be certified by the foreman to be a true bill by making the following indorsement thereon: "A true bill. A. B., foreman."

In State v. Mertens, 14 Mo. 94, it was held that the certificate and signature of the foreman was not an essential part of the indictment, and it was too late after conviction on an unindorsed indictment for the defendant to raise the objection by motion in arrest of judgment. Substantially the same ruling was made in State v. Burgess, 24 Mo. 381; State v. Harris, 73 Mo. 287; State v. Hays, 78 Mo. 600. The statute, section 2477, supra, it seems to me, is one regulating the procedure in prosecutions of crime by information, that its purpose is to prevent ill-advised, hasty and improvident action on the part of a prosecuting attorney, by requiring that before he may file an information he must have it verified by the oath of a competent witness or make

such inquiry into the facts constituting the alleged crime as will enable him to verify the information himself before he files it, thus requiring some evidence of the commission of the crime before the formal charge is filed. If this view of the statute is the correct one, then it is clear that the affidavit forms no part of the information, adds nothing to it, and is not essential to its validity, but is simply a statutory regulation of the practice in respect to its filing, hence if the verification is omitted, like the omission of the indorsement of a true bill on the back of an indictment by the foreman of the grand jury, the indorsement of the name of the prosecuting witness, in certain cases, as prosecutor, or the failure to indorse the name of the principal witness for the State on the back of the indictment, the omission will furnish good grounds for quashing the information, but will furnish no ground for arrest of judgment after conviction and can not be raised for the first time on appeal in the appellate court. If the verification is omitted, the omission comes under the general rule of pleading, to-wit, if the objection is not made the ground of a timely and specific motion, the omission will be considered as waived. Paddock v. Somes, 102 Mo. 226; Seckinger v. Mfg. Co., 129 Mo. 590; Malone v. Fidelity & Casualty Co., 71 Mo. App. 1. This rule was observed in State v. Osborne, 54 Kan. 473, where the objection to the verification of a criminal information was not pointed out by motion to quash, and it was held that the action of defendant in pleading to the merits and going to trial, operated as a waiver to the defect, and in support cited State v. Otey, 7 Kan. 69; State v. Ruth, 21 Kan. 583. The same ruling was made in a civil case by the Oregon Supreme Court in State v. Chadwick and Brown, 10 Oregon 423. It seems to me that this is the correct view and that State v. O'Connor and State v. Sayman, supra, in so far as they hold that the affidavit is an essential part of the information, should be, and are, overruled.

2. It is contended that the first count of the information does not state any offense, that it is merely the language of the statute, that it is not stated who permitted the prohibited acts to be done, that the persons who took part in the prohibited trading are not named and that the appellants are not alleged to have had knowledge of the act alleged to have been done. This count alleges that the defendants kept and caused to be kept an office, store or place ''wherein was conducted, and permitted, the pretended buying and selling of shares of stocks and bonds,'' etc. The section of the statutes (section 2339, R. S. 1899) on which this count is bottomed is as follows:

''It shall be unlawful for any corporation, association, copartnership or person to keep or cause to be kept in this State, any office, store or other place wherein is conducted or permitted the pretended buying or selling of the shares of stocks or bonds of any corporation, . . . and the keeping of all such places is hereby prohibited; and any person, company, copartnership or corporation, or officer or agent thereof, that shall be guilty of violating this section, shall, upon conviction thereof, be fined in a sum not less than five hundred dollars nor more than five thousand dollars.''

The offense, under this statute, consists not in the pretended buying or selling of shares of stock, etc., but in the keeping of an office, store or place wherein is conducted or permitted to be conducted the pretended buying and selling of shares of stock, etc. To bring them within the provisions of this section, the defendants must have themselves kept or caused to be kept by another, a place where they conducted or knowingly permitted to be conducted by some one else, the pretended buying and selling of shares of stock, etc. The information does not charge that the defendants conducted or knowingly permitted some one else to conduct the pretended buying and selling of shares of stock, etc., but leaves it to conjecture as to who conducted the pro-

hibited buying and selling, or whether or not defendants knew that the prohibited trading was going on. The inference might be drawn from what is alleged, that defendants either conducted or knowingly permitted some one else to conduct the pretended buying and selling, etc., at a place kept by them; but inferences are not allowable to supply allegations in a criminal pleading, on the contrary, the rule is, that in every criminal charge, whether by indictment or information, it is essential that all the facts and circumstances comprised in the definition of the offense be affirmatively stated with clearness and certainty. State v. Gabriel, 88 Mo. 631; 1 Archbold's Criminal Practice, star page 88.

Generally, it is sufficient to charge a statutory crime in the language of the statute creating the offense, but this is only true when the statute so far individuates the offense that the defendant has proper notice from the mere adoption of the statutory terms what offense he is to be tried for (Wharton's Criminal Pleading & Practice (9 Ed.), sec. 220); or, as Bishop says, "It must state the facts whence the result comes; thus notifying the defendant what he must meet and putting upon the record a proper case for the court's adjudication." 1 Bishop's New Criminal Procedure, section 627. In Mears v. Commonwealth, 2 Grant (Pa.) 385, the inference was made that what was not charged in the indictment did not exist. In State v. Broeder, 90 Mo. App. 156, it is said: "An information must bring the accused strictly and certainly within the terms of the offense described in the statutes, and should leave nothing to conjecture or inference." See also on this point, State v. Kirby, 115 Mo. 440; State v. Ruthven, 19 Mo. 383; State v. Morrison, 64 Mo. App. 507; State v. Baskett, 52 Mo. App. 389; State v. Clevenger, 20 Mo. App. 626.

The defendants may have kept or caused to be kept an office, store or place in Montgomery county, and in

that office, store or place may have been conducted the pretended buying and selling of the capital stock of corporations, etc., without their knowledge or consent. It is not the mere keeping of the office or place where pretended buying and selling is conducted that constitutes the offense under the statute, but the keeping of such place and the conducting or knowingly permitting to be conducted the pretended buying and selling, etc., that constitutes the offense; without knowledge that the prohibited trading was going on, guilt can not be imputed to the keeper of a place wherein it is conducted. The first count, in my opinion, is fatally deficient in that it fails by proper allegations to connect the defendants directly with the act of conducting the buying and selling, or of knowingly permitting the pretended buying and selling to be conducted at a place kept by them in Montgomery county, and for this reason the motion in arrest of judgment on the first count should have been sustained.

3. Counts two to ten inclusive are bottomed on section 2338, R. S. 1899, which is as follows:

"It shall not be necessary, in order to commit the offense defined in the preceding section, that both buyer and seller shall agree to do any of the acts above prohibited, but the said offense shall be complete against any corporation, association, copartnership or person thus pretending or offering to sell, or thus pretending or offering to buy, whether the offer to sell or buy is accepted or not; and any corporation, association, copartnership or person, or agent thereof, who shall communicate, receive, exhibit or display in any manner any such offer to buy or sell, or any statements or quotations of the prices of any such property, with a view to any such transaction as aforesaid, shall, for each such offense, be deemed and held to be an accessory thereto, and upon conviction thereof, shall be fined the same as the principal; and any such corporation, association, copartnership or person or agent permitting any such

communication, reception, exhibit or display shall, for every such offense, be fined a sum not less than three hundred dollars nor more than two thousand dollars.''

(The offense defined in the preceding section referred to is what is commonly known as option dealing.)

It is insisted by appellants that these counts state no offense. They are stated in the language of the statute, and the statute fully individuates the offense; when this is so, the indictment or information is sufficient. State v. Mitchell, 6 Mo. 147; State v. Davis, 70 Mo. 467; State v. Johnson, 93 Mo. 317; State v. Adams, 108 Mo. 208.

It was sufficient to locate the exhibit or display mentioned in the statute in Montgomery county. The pleader was not required to describe the town lot, acre of ground, or particular building where the exhibit was made, nor was he required to name the person or persons to whom the exhibit was made, or the persons who actually saw the exhibition. The exhibition was, according to the information, made to the public. This is sufficient. It was made to be seen by the public and it was wholly immaterial who actually saw it, or who was induced thereby to violate the preceding section by dealing in options by means of the exhibit.

4.  We are not impressed by the contention of appellants that counts two to ten inclusive should be treated as one count, for the reason the exhibit was a continuous one. The transactions or exhibitions were, according to the evidence, continuous in the sense that the exhibitions were given daily from day to day. But each exhibition was a violation of the statute and each day's exhibit constituted a separate offense. The evidence is clear and convincing that the appellants made the illegal exhibits as charged in these nine counts and at the times therein charged, and shows that they did a large business for a country town. In six weeks their deals amounted to over one hundred and thirty-six thousand dollars. One farmer bought at one time sixty-

five thousand dollars worth of railroad stock on option. There is, therefore, no room to doubt the guilt of the appellants. The case was carefully tried, elaborately instructed and ably defended. No error intervened on the trial that would justify us in setting aside the verdict on the second, third, fourth, fifth, sixth, seventh, eighth, ninth or tenth counts; as to all of these counts the judgment is affirmed. For the reasons hereinbefore stated, the judgment on the first count is reversed. *Reyburn* and *Goode, JJ.*, concur.