The State v. Jesse Horn, Appellant.—79 S. W. (2d) 1044.

Division Two, March 5, 1935.

*R. A. Frazier* for appellant.

*Roy McKittrick*, Attorney General, and *Wm. Orr Sawyers*, Assistant Attorney General, for respondent.

BOHLING, C.—Appellant was convicted of carnally and unlawfully knowing a female child under the age of sixteen years, and sentenced to two years' imprisonment. From this judgment he appeals.

The view we take of the case renders a statement of the facts on the merits unnecessary.

Irrespective of exceptions [State v. Barr, 326 Mo. l. c. 1100, 34 S. W. (2d) l. c. 479 (4)], or assignments of error [State v. Lettrell (Mo.), 39 S. W. (2d) l. c. 557 (3)], it is our duty to consider the record proper [Sec. 3760, R. S. 1929, Mo. Stat. Ann., p. 3298, and cases cited; State v. Dimmick, 331 Mo. l. c. 247, 53 S. W. (2d) 262 (4)], and render judgment thereon.

This prosecution was by indictment, and the verdict found appellant guilty "as charged in the indictment in this case." The record proper shows the filing of the indictment "on the 19th day of May, 1932, and *during the vacation of said court*." (Italics ours.)

Manifestly, the General Assembly has made distinctions between the filing of informations and indictments. "Informations may be filed . . . during term time, or with the clerk in vacation" (Sec. 3504, R. S. 1929, Mo. Stat. Ann., p. 3126); whereas "indictments found and presentments made by a grand jury shall be presented by their foreman, in their presence, to the court, and shall be there filed and remain as records of such court" (Sec. 3539, R. S. 1929, Mo. Stat. Ann., p. 3143). Further, Section 3540, Revised Statutes 1929 (Mo. Stat. Ann., p. 3144), requires every indictment to be signed by the prosecuting attorney, and provides: "When the grand jury return any indictment into court the judge must examine it, and if the foreman has neglected to endorse it 'a true bill,' with his name signed thereto, or if the prosecuting attorney

has not signed it, the court must cause the foreman to indorse or the prosecuting attorney to sign it, as the case may require, in the presence of the jury." The placing of the duty upon *the judge* to examine the indictment returned *into court* and upon *the court* to cause the same to be indorsed or signed, if necessary, recognizes the legal distinction existing between the terms "judge" and "court." A court has been defined to "consist of persons officially assembled under authority of law, at the appropriate time and place, for the administration of justice. A time when, a place where, and persons by whom judicial functions are to be exercised are essential to complete the idea of a court in the general legal acceptance of the term." [7 R. C. L., p. 973, sec. 2; see Mason v. Woerner, 18 Mo. l. c. 570.] Speaking of the word "court" in its technical sense, State ex rel. v. Woodson, 161 Mo. l. c. 453, 61 S. W. 252, states: "A court is a judicial assembly. The judge of the court is its presiding officer. While the judge is often called the 'court,' yet he is only so rightly called when the tribunal over which he presides is in session." Section 655, Revised Statutes 1929 (Mo. Stat. Ann., p. 4899), providing rules for the construction of statutes, states: . . . twenty-second, whenever any act is authorized to be done by or any power given to a court, or judge thereof in vacation, or whenever any act is authorized to be done by or any power given to a clerk of any court in vacation the words 'in vacation' shall be construed to include any adjournment of court for more than one day." Under this definition of "in vacation" the court was not in session at the time of the finding and presentment of the indictment. Whether the term of court had been adjourned to a later date in the term or *sine die* to court in course is not determinable from the record nor material here. Discussing the requirement of the signature of the prosecuting attorney to an indictment under Section 3540, supra, State v. Bruce, 77 Mo. 193, l. c. 195, states: "We are satisfied that no paper can be regarded as an indictment without the signature of the prosecuting attorney, and the certificate of the foreman of the grand jury that it is a true bill. Both are required, and neither is a mere formality that may be dispensed with." If the failure of a prosecuting attorney to sign an indictment (one of several incidents to the return of an indictment into court), renders the indictment a nullity, then, *a fortiori*, failure of the grand jury to present an indictment to the court must render it a nullity. The requirement that indictments be presented to the court is essential to perfect the indictment, for, after an examination of the indictment by the judge of the court, "the court must cause the foreman to indorse or the prosecuting attorney to sign it" if necessary, "in the presence of the jury."

The affirmative recital in the record proper of the instant case, under the certificate of the clerk of the court, that the indictment was filed "during the vacation of said court" imports absolute verity [State v. Dimmick, 331 Mo. 1. c. 246, 53 S. W. (2d) 262 (4)], and puts to flight any presumption that the indictment was presented "to the court," which, were the record silent, we might be justified in presuming.

■ This defect, apparent on the face of the record, does not fall within the saving provisions of the Statute of Jeofails (Sec. 3563, R. S. 1929, Mo. Stat. Ann., p. 3160) ; nor, the indictment being a nullity, may it be cured by the substitution of an information under Section 3564, Revised Statutes 1929, Mo. Stat. Ann., p. 3169. We are not unmindful of State v. Majors (Mo.), 237 S. W. 486, 488 (1), (and other cases), holding, under the Statute of Jeofails (Sec. 3563, R. S. 1929, Mo. Stat. Ann., p. 3160), an indictment not subject to attack, after trial and judgment, because lacking the certificate and signature of the foreman of the grand jury. Sec. 3540, supra, appeared in the Revision of 1879 (Sec. 1798, R. S. 1879). In so far as material here the Statute of Jeofails was in full force and effect prior to 1879. [See Sec. 1821, R. S. 1879; Sec. 27, p. 841, G. S. 1865; Sec. 27, p. 1176, R. S. 1855.] Considering briefly the cases cited in support of the ruling in the Majors case, supra, State v. Mertens (1851), 14 Mo. 95; State v. Clark (1853), 18 Mo. 432; State v. Burgess (1857), 24 Mo. 381, 69 Am. Dec. 433, were decided prior to 1879. State v. Hays (1883), 78 Mo. 1. c. 603, followed the Mertens, Burgess and Harris cases, expressly stating: "This indictment having been found in October, 1879, Section 1798, Revised Statutes 1879 (now Sec. 3540), does not apply." In State v. Harris (1880), 73 Mo. 287, the indictment was returned in May, 1879, and now Section 3540 likewise was not involved. State v. Brooks (1887), 94 Mo. 1. c. 123, 7 S. W. 24, cites the Burgess and Harris cases, and State v. Ruenzi (1904), 105 Mo. App. 319, 80 S. W. 36, the Mertens, Burgess, Harris and Hays cases, without mention of now Section 3540. Thus, these cases either do not involve Section 3540 or pass off under decisions based on the law in force prior to 1879. Whatever may be said of this issue in the Majors case should it again arise, suffice it to state that case is not determinative of the issue in the instant case.

The judgment is reversed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.