## THE STATE v. WILLIAM BRANNAN, Appellant.

### Division Two, November 19, 1907.

1. **INDICTMENT: No Certificate: Matter of Exception.** The certificate of the foreman of a grand jury to an indictment preferred by such grand jury is not a part of the record proper. And, therefore, the action of the court in overruling a motion to quash the indictment on the ground that it was not certified by the foreman of the grand jury as a true bill, is a matter of exception which must be taken advantage of in the motion for a new trial, and not in the motion in arrest.

2. **RAPE: Clothing as Evidence: Identification.** Where, in a prosecution for rape, the mother of the child assaulted testified that she examined the child's drawers the morning after the offense was committed, and found them torn to pieces and blood stains on them, and that they were the same drawers introduced in evidence, and were in the same condition as at the time the offense was committed, except that they had been washed, they were sufficiently identified and were properly admitted in evidence. Nor did the fact that the garments were washed before the trial render them inadmissible, since it was the province of the jury to consider their appearance, and the testimony in regard thereto, and draw their own conclusions.

Appeal from Osage Circuit Court.—*Hon. R. S. Ryors,* Judge.

AFFIRMED.

*Gove & Davidson* for appellant.

(1) The motion to quash the indictment should have been sustained because the indictment was not

certified as a true bill by the foreman of the grand jury.
State v. Bruce, 77 Mo. 195; State v. Burgess, 24 Mo.
381; State v. Brown, 181 Mo. Mo. 229; State v. Runze,
105 Mo. App. 327; State v. Mertens, 14 Mo. 95; R. S.
1899, sec. 2510. (2) The court erred in admitting in
evidence the drawers claimed to have been worn by the
prosecuting witness at the time of the commission of
the alleged offense, because they were not properly
identified as being the same drawers worn by her at
the time. The evidence shows that they were not in the
same condition as they were on the morning after the
alleged offense was committed.

*Herbert S. Hadley*, Attorney-General, and *N. T.
Gentry*, Assistant Attorney-General, for the State.

(1) The objection that the indictment was not
endorsed "a true bill" can not now be considered, as
the defendant failed to allege in his motion for a new
trial that error had been committed in overruling his
motion to quash; hence, the point has been waived. All
errors occurring during the progress of the trial must
be brought to the court's attention in the motion for
a new trial. State v. Millikan, 24 Mo. App. 464; State
v. Ray, 53 Mo. 345; Carver v. Thornhill, 53 Mo. 285;
R. S. 1899, secs. 2688 and 2689. An indictment, with
such an omission, is good after verdict and judgment.
State v. Harris, 73 Mo. 287. (2) Objection was also
made to the introduction in evidence of the drawers
worn by prosecutrix at the time of the commission of
the alleged crime. As these drawers were afterwards
identified by the mother of prosecutrix, it is difficult
to see how any valid objection can be made to their in-
troduction. It has always been held that articles of
clothing, worn by prosecutrix at the time of the com-
mission of a crime of this character, are admissible
in evidence. State v. Murphy, 118 Mo. 14; State v.
Duffy, 124 Mo. 10; Hornbeck v. State, 35 Ohio St. 281;

Grimmitt v. State, 22 Texas App. 36; 3 Greenl. on Evidence, sec. 212; 23 Am. and Eng. Ency. Law, 878; 4 Elliott on Evidence, sec. 3107. And defendant's counsel further objected to the introduction of said drawers in evidence, because they had been washed since that time. But the washing of said garment simply changed its appearance; it did not change its condition. Its admission in a clean, instead of a soiled condition, certainly did not injure the defendant. McMurrin v. Rigby, 80 Iowa 327.

BURGESS, J.—The defendant, at the October adjourned term of the circuit court of Osage county, was convicted of rape and his punishment fixed at ten years in the penitentiary, under an indictment charging him with feloniously assaulting and having carnal knowledge of a female child, under the age of fourteen years. Defendant's motions for new trial and in arrest of judgment having been overruled, he appealed.

The date of the alleged offense was August 11, 1906, and the name of the prosecutrix was Minnie Sharp, a child of about ten years, who lived with her parents near Freeburg, Osage county, about a quarter of a mile from the home of defendant. On the date above mentioned the mother of defendant asked the little girl to accompany her to her home and stay with her all night, which she did. Both retired that night, occupying the same bed, the child sleeping with her clothes on. Late that night the defendant came home, went into the room, took the girl out of the bed and carried her out to the back yard where he had sexual intercourse with her. While the defendant was taking her out in the yard she told defendant that she would tell her father, and defendant said, "If you do I will kill you." After defendant had accomplished his purpose, the child ran back to the bed room of Mrs. Brannan, the defendant following her. Mrs. Brannan awoke, and said,

"William, get away from here; why don't you sleep in the kitchen?" The little girl remained in bed with Mrs. Brannan the remainder of the night, and went home early next morning and made complaint to her mother. The mother examined the child, and found her drawers torn and bloody and her parts badly inflamed. A week later, Dr. Buechler made an examination of the child and found her parts inflamed and the hymen ruptured.

Defendant's mother testified that the child slept with her on the night in question, but she denied all knowledge of the alleged assault, and stated that she was awake several times during the night. The defendant denied having had anything to do with the little girl. He admitted that he came home late and was drinking some that night, and further admitted that he had been convicted of abducting a female under the age of eighteen and had served a term in the penitentiary.

While the record discloses that the defendant, before the introduction of any evidence, filed a motion to quash the indictment upon the ground that it was not certified to by the foreman of the grand jury as a "true bill," that the court overruled said motion and defendant excepted, it does not appear that any point was made upon this defect in the indictment in the motion for a new trial, although the court's attention was called thereto in the motion in arrest. The Attorney-General contends that as the point was not made in the motion for new trial, it is waived.

It is well settled that all errors occurring during the progress of the trial and all matters of exception must be brought to the attention of the court in a motion for new trial; otherwise, they will be considered as waived. [State v. Ray, 53 Mo. 345; Carver v. Thornhill, 53 Mo. 285, and subsequent cases.] In State v. Mertens, 14 Mo. 94, it was held that the statute requiring the foreman of a grand jury to certify, under his

hand, that the indictment is a true bill was merely directory, and that after a defendant has been convicted under an indictment not thus certified, it is too late, upon a motion in arrest, to raise the objection. No objection to the indictment in that case was taken until after verdict.

In State v. Burgess, 24 Mo. 381, it is held that the failure of the foreman of a grand jury to certify under his hand an indictment to be a true bill is no cause for arrest of judgment after trial and conviction, but that it is ground for quashing the indictment before trial. Substantially the same ruling was made in State v. Harris, 73 Mo. 287; State v. Hays, 78 Mo. 600; State v. Runzi, 105 Mo. App. 319.

If, as was held in the Mertens case, supra, the signature of the foreman of the grand jury to an endorsement on an indictment certifying it as a true bill is not an essential part of the indictment, the question arises whether the point as to the action of the court in overruling the motion to quash because the indictment was not indorsed "a true bill" was properly raised by motion in arrest. In the Mertens case the question was raised by motion in arrest, after verdict, and the question now under consideration was not passed upon or adverted to further than indicated. In State v. Brown, 181 Mo. 192, Fox, J., speaking for the court with respect to the verification of an information by the prosecuting attorney who presented it, said that the verification was not a part of the information, but a step to be taken in aid of it, and that "a motion in arrest goes only to defects appearing on the *face of the indictment or information,* and not to an affidavit upon which it may be based, or which merely verifies the charge in the information."

In State v. Burgess, supra, it is said: "In North Carolina (State v. Cox, 6 Ired. 446, and State v. Calhoon, 1 Dev. & Batt. 374), it has been expressly holden

that the endorsement was no part of the indictment, but that it was the action of the grand jury in returning the bill into court, and the receiving of it there, that rendered it a legal accusation against the defendant, and the same opinion seems to prevail in South Carolina. [State v. Creighton & Bell, 1 Nott & McCord 257.] And although in Chit. Crim. L. 324, it is said that the endorsement, 'a true bill,' becomes part of the indictment, and renders it a complete accusation, yet Ford's case (Yelv. 99), which is referred to as authority, does not seem to warrant the assertion. Indeed, the position is contradicted by the form of the record, which, when formally drawn up, omits all mention of the endorsement, and states in the caption merely that the grand jury present that the accused did, etc., reciting the allegations of the indictment; and this is the principle upon which the want of a proper endorsement is disallowed in arrest of judgment after a conviction. [Burgess v. Commonwealth, 2 Va. Cases 483; Wau-kon-chaw-neek-kaw v. United States, Morris (Iowa) 332; and the cases from North and South Carolina, above referred to.]''

In State v. Connell, 49 Mo. l. c. 286, it is said: ''In criminal cases, such errors as appear upon the face of the record, or such as may be taken advantage of by a motion in arrest or by writ of error, will be noticed here as a matter of course; but as to exceptions taken in the progress of the trial, and as to motions for a new trial and in arrest, which can become a part of the record only by bill of exceptions, the same rules are applicable alike in criminal and civil cases.'' In 2 Elliott's General Practice, sec. 996, it is said that a motion in arrest can only be maintained for a defect apparent upon the face of the record, and such is the general rule.

If, as was held in the Brown case, the verification of an information by the prosecuting attorney present-

ing the same is not part of the information, it would seem by analogy that the certificate of the foreman of a grand jury to an indictment preferred by such grand jury is not part of the record proper. There is no difference in principle. This being the case, it is clear, from the authorities, that the action of the court in overruling the motion to quash the indictment was matter of exception which should be taken advantage of in the motion for a new trial and not in the motion in arrest.

Another contention is that the court erred in admitting in evidence the drawers claimed to have been worn by the prosecuting witness at the time of the commission of the alleged offense because, as contended, they were not properly identified as the drawers worn by the prosecuting witness at the time. The mother of the child testified that she examined the child's drawers the morning after the offense was committed and found them "torn to pieces and some blood stains" thereon. She further testified that they were the same drawers introduced in evidence, and were in the same condition then as they were the morning after the offense was committed, when she took them off her daughter, except that they had been washed. No further identification was necessary. It has been frequently held that articles of clothing worn by a prosecuting witness at the time of the commission of an offense of this character are admissible in evidence. [State v. Murphy, 118 Mo. 7; State v. Duffy, 124 Mo. 1.] Nor was there error in admitting the garment in evidence upon the ground of its having been washed before the trial. It was the province of the jury to consider its appearance and the testimony in regard thereto and draw their own conclusions. [McMurrin v. Rigby, 80 Iowa 322.]

Finding no reversible error in the record, we affirm the judgment. All concur.