State v. McKee.

---

## THE STATE v. J. E. McKEE, Appellant.

### Division Two, May 19, 1908.

1. **INFORMATION: Gaming Table: Crap Game.**   The information set out in the statement, charging defendant with setting up and keeping "a certain gaming table and gambling device, to-wit, one crap table, commonly so called, upon which dice were used, and which gaming table and gambling device were adopted, devised and designed for the purpose of playing games of chance for money, and property thereon," etc., is sufficient in form and substance.

2. **CONTINUANCE: Not Reviewable.**   The overruling of defendant's application for a continuance, if not assigned as error in his motion for a new trial, is not reviewable on appeal.

3. **LIMITATIONS: Reference in Instruction to First Information.** An instruction in a felony case should require the jury to find that the acts complained of were committed within three years next before the filing of the original information in the case; and a reference in the instruction to the day on which the first information was filed should be considered as an attempt to fix a period to the running of the Statute of Limitations, and not as indicating that defendant was tried on that rather than on the amended information.

4. **PRELIMINARY EXAMINATION: Information: Jurisdictional.** The fact that defendant, charged by information with a felony, had been accorded the right of a preliminary examination, was not jurisdictional, and need not be alleged in the information.

5. ――――: ――――: **Denial: Appeal.**   Any failure to accord defendant a preliminary examination as provided by statute only goes to the regularity of the proceedings, which may be taken advantage of by calling the court's attention to that fact by an appropriate motion and by the offering of proof establishing the fact. It is not established by the mere filing of a motion to quash or any other motion reciting such failure.   Such recitals do not prove themselves.   And absent such proof, or exceptions to the refusal of the court to hear it, the Supreme Court will not hold that there was no preliminary examination, nor is there anything on the subject for review.

**6. EVIDENCE: Setting Up a Gambling Table.** The evidence in the case points unerringly to the guilt of defendant of the offense of setting up and keeping "a gaming table and gambling device, to-wit, one crap table, commonly so-called, upon which dice were used," etc.

Appeal from Cole Circuit Court.—*Hon. Wm. H. Martin,* Judge.

AFFIRMED.

*T. J. Rowe* with *W. S. Pope* for appellant.

(1) An information in a felony case should allege that defendant had been accorded the right to a preliminary examination. Washburn v. People, 10 Mich. 383; State v. Barnett, 3 Kan. 255; Ex parte O'Brian, 127 Mo. 477; People v. Cassels, 5 Hill 164. Jurisdiction in the court is the power to hear and determine the particular case involved. If this power to hear and determine the particular case does not exist in the court in point of law, then there can be no jurisdiction in the case. People v. District Court, 26 Colo. 386; Bassick Min. Co. v. Schoolfield, 10 Colo. 46; In re Mahany, 183 Cal. 379; Douglas v. State, 117 Ala. 185. Jurisdiction is defined to be the authority of law to act officially in the matter then in hand. Jones v. Brown, 54 Iowa 74; Grove v. Van Duyn, 44 N. J. Law 657; Bingham v. Henrici (Pa.), 16 Atl. 618; Min. Co. v. Schoolfield, 10 Colo. 46; State v. Coleman, 186 Mo. 169; State v. Bonner, 178 Mo. 431. This is not a mere matter of procedure, it is a sacred guaranteed right. Can the court indicate by what special plea known to the law a defendant in a felony case proceeded against by information who had not been accorded the right to a preliminary examination, could properly raise the question, if it is not by a demurrer or motion to quash the information? An information filed without warrant or authority of law can confer no jurisdiction. (2) In this case defendant did not waive his

right to a preliminary examination, and by his motion to quash the information and by his motion in arrest of judgment questioned the jurisdiction of the court.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

(1) The second amended information, which is accompanied by the affidavit of the prosecuting attorney of Cole county, is sufficient in form and substance. State v. Mathis, 105 S. W. 605; State v. Lockett, 188 Mo. 418; State v. Rosenblatt, 185 Mo. 120; Kelley's Crim. Law, sec. 950. Defendant's motion to quash said second amended information was without merit and was, therefore, properly overruled. State v. Holden, 203 Mo. 581. (2) Defendant, in his motion for a new trial, failed to assign as error the overruling of his application for a continuance; hence, that point has been waived. State v. Marshall, 34 Mo. 400; State v. Brennan, 105 S. W. 602. (3) The State's instructions properly defined the crime charged, and correctly informed the jury of its duty. State v. Davis, 203 Mo. 616; State v. Holden, 203 Mo. 581. (4) It can not be seriously contended that the evidence was not sufficient to justify the conviction of defendant. If any confidence can be placed in human testimony, and the testimony of the sworn officers of Cole county, certainly this defendant is guilty. State v. Miller, 190 Mo. 449; State v. Cronin, 189 Mo. 663; State v. Locket, 188 Mo. 415; State v. Mathis, 105 S. W. 604. (5) Counsel for defendant urged that the information should be quashed because defendant was not accorded a preliminary examination, prior to the filing of said information. It is true that the motion to quash contained an allegation to that effect, yet there was no proof offered on that subject; and it has always been the rule of practice that mere allegations in a motion do not prove themselves. State v. Hultz, 106 Mo. 41; State v. Grant, 144 Mo. 66. Without con-

ceding that the recent statute on that subject (Laws 1907, p. 243), is constitutional, counsel for the State suggests that the defendant is in no position to raise that question in this case. While he did assign that as one of the reasons for quashing the information, he did not assign the overruling of his motion to quash as one of the errors in the motion for a new trial. Even if error was committed in overruling the motion to quash the information, that error has been waived. State v. Brannan, 105 S. W. 602.

FOX, P. J.—This cause is in this court by appeal on the part of the defendant from a judgment of conviction in the Cole Circuit Court, for setting up and keeping gambling tables, and permitting and enticing others to play thereon. The record in this cause discloses that on the 28th of June, 1907, the prosecuting attorney of Cole county filed in the circuit court of said county an information charging the defendant with setting up and keeping a certain gaming table and gambling device, and that he did then and there feloniously permit and entice divers persons to play at and upon and by means of said gambling device. To this information there was filed a motion to quash, which said motion was by the court sustained and leave was granted the State to file an amended information. Afterwards, on the 30th day of July, 1907, the prosecuting attorney filed an amended information predicated upon the same state of facts as the first one. To this information the defendant interposed a motion to quash, which motion was by the court sustained and the State given leave to file a second amended information, and afterwards, to-wit, on the 30th day of July, 1907, the prosecuting attorney filed his second amended information, which was duly verified, and omitting formal parts, was as follows:

"Now come J. G. Slate, prosecuting attorney of Cole county, State of Missouri, and in his official ca-

pacity and on his official oath informs the court that at the county of Cole and State of Missouri aforesaid on or about the 7th day of May, 1907, and on divers other days prior thereto, J. E. McKee did then and there unlawfully and feloniously set up and keep a certain gaming table and gambling device to-wit: one crap table commonly so called upon which table dice were used and which gaming table and gambling device were adapted, devised and designed for the purpose of playing games of chance for money and property thereon and he, the said J. E. McKee, did then and there feloniously induce, entice and permit D. E. McClure, Hal. Engelbrecht and other persons whose names are to this prosecuting attorney unknown, to bet and play at and upon and by means of said gaming table and gambling device, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.''

To this information there was also filed by the defendant a motion to quash, which was subsequently taken up by the court and overruled. The defendant then presented his application for a continuance, which was by the court overruled, whereupon the defendant was duly arraigned, entered his plea of not guilty and was put upon his trial before a jury.

The evidence upon the part of the State which was developed at the trial tended to prove that J. W. Scott, sheriff of Cole county, in company with J. M. Jobe and W. H. Leslie, visited a gambling room on High street in Jefferson City, about nine o'clock on the night of May 7, 1907. In order to gain admittance to said room, the sheriff was compelled to go up a back stairway, into the building and through one room around into a second room. In said room they found the defendant, McClure and Engelbrecht, and several others. They also found a table, which was seven or eight feet long and between four and five feet wide, and a little higher than an ordinary table. This table was covered with a green cover-

ing and had a molding around the edge of the table two or three inches high. The cloth came up over the molding and around the end of the table. On said table were a number of dice, and a little box which was about four or five inches wide, which box contained the money. Four hundred dollars in silver was found on the table and in the box; that in the box was locked up. All the money was of the denomination of silver dollars. At the time the officers made this raid, the defendant was sitting on a high stool beside the table, about the middle of the table, and the money lay right in front of him, stacked up close to the molding of the table. The defendant had charge of the money, and one of the other men, McClure, was pitching the dice. Engelbrecht had a little stick, about twelve or thirteen inches long, and was raking in the dice as they were pitched out upon the table. When the sheriff walked up to the defendant and told the defendant his business, the defendant said, ''Wait a few minutes until this game is over.'' After waiting a little while, the defendant got his money together and the game wound up. Before entering said room, State's witness, Jobe, watched the game through an opening in the door. He saw the defendant at the head of the table and money stacked up on the table around him; he could see the dice roll out and somebody bring them back to the defendant, when the dice were rolled out again. The defendant had control of the game, and also had the money under his hand. The game played was a crap game, commonly so called, and was played for money on said table with dice. State's witness Brown testified that he was in said room before the officers came in and saw the crap game going on, McClure taking part in said game, and the defendant standing at the side of the table handling money. The evidence further showed that the game of craps can be played on a table like the one which the defendant had charge of, and colored persons sometimes play on the ground. The evidence further showed that

the defendant frequently passed beer around to visitors in that room, and invited his friends to drink with him, saying that it would cost them nothing. During this game, where a party would shoot dice, the defendant would pay him if he won; if he lost, the defendant would get the money. The evidence further showed that this table could be very easily used for playing a game of craps, and it was used for that purpose that night. McClure, who was a very unwilling witness for the State, admitted that he had been up in that room and playing with the defendant, and admitted further that he had lost money just before the officers came in. McClure further said that he did not know whether that was a crap game or not; that he did not know much about craps. He further stated that he did not remember whether he had ever been up there before or not. Engelbrecht was equally as ignorant about who was conducting the game and what part the respective players took in the game. He admitted, however, that some dice and a crooked stick were used; but stated that he did not know what this stick or the dice or the table was used for, although he had been in that room on two or three occasions when said implements were used. He even expressed ignorance of the fact that the stick might have been a walking stick, a broken stick. State's witness Heinrichs testified that on the night in question he was in the room that the officers raided, and saw the defendant and his friends playing a game of craps on said table; that the defendant paid the others when they won, and that the defendant was managing and conducting the game on said table. State's witness Clark testified that a table like the one described by the officers was one of the kind of crap tables used by gamblers.

At the close of the State's evidence the defendant offered a demurrer and declined to introduce any evidence.

At the close of the evidence the court fully in-

structed the jury and the cause was submitted to them and they returned their verdict finding the defendant guilty as charged, assessing his punishment at imprisonment in the penitentiary for a term of two years. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Sentence and judgment were entered in accordance with the verdict of the jury, and from that judgment this appeal is prosecuted, and the record is now before us for consideration.

## OPINION.

The record in this cause discloses the assignment of numerous errors as grounds for the reversal of this judgment. We will give to the complaints of appellant such consideration as in our opinion their importance requires.

### I.

The amended information filed on July 30, 1907, upon which the defendant was tried, is in such form as has repeatedly met the approval of this court. [State v. Mathis, 206 Mo. 604; State v. Locket, 188 Mo. 1. c. 418; State v. Rosenblatt, 185 Mo. 1. c. 120; State v. Holden, 203 Mo. 581.] This being true, the action of the court in overruling the motion to quash the last amended information filed was proper.

### II.

The action of the court in denying the application of the defendant for a continuance was not properly preserved in the motion for a new trial. The overruling of such application was not assigned by the defendant as error in such motion, hence that question is not before us for review. [State v. Marshall, 36 Mo. 400; State v. Brannan, 206 Mo. 636.]

212 Sup—10

## III.

Learned counsel for appellant insists that the defendant was tried upon the information filed on the 28th of June, 1907, and in support of that contention directs our attention to instruction number 4, which requires the jury to find that the acts complained of in the information were committed within three years next before the filing of the information herein, to-wit, June 28, 1907. It is sufficient to say of that complaint that an examination of the record discloses that the original information was filed on June 28, 1907; it also discloses beyond any question that the defendant was tried upon the amended information filed on July 30, 1907. The one filed on June 28, 1907, and the first amended information filed on July 30, 1907, were both quashed upon the motion of the defendant, whereupon a second amended information was filed on the 30th of July, which was the one upon which the record discloses the defendant was tried. As to the reference in instruction number 4 to the information of June 28, 1907, it was manifestly for the purpose of fixing a time as a basis in directing the jury as to the Statute of Limitations, that is, the original information was filed on June 28, 1907, and the jury were simply required to find that the offense was committed within three years next before the date of the filing of said original information.

## IV.

The instructions of the court fully and fairly presented the case to the jury and were in such form as have heretofore in similar cases met the approval of this court. In fact we take it that it is practically conceded that there was no error in the instructions for the reason that learned counsel for appellant did not undertake to point out any error concerning them.

## V.

This brings us to the consideration of the earnest insistence of counsel for appellant that the information in this case is insufficient on the ground that it fails to allege that the defendant had been accorded the right of a preliminary examination. Counsel for appellant, with commendable frankness, concedes that that proposition at least to some extent was treated of in the case of State v. Jeffries, 210 Mo. 302, and Ex parte Mc-Laughlin, 210 Mo. 657. In an exceedingly respectful way we are requested to reconsider this proposition, and in obedience to such request we have again given the subject very careful consideration and reviewed all of the authorities to which our attention has been directed. After a full and thorough consideration of this proposition we are unable to see any valid reason for departing from the conclusions indicated in the Jeffries and McLaughlin cases. While we shall not undertake to give expression to our reconsideration of this proposition, it by no means follows that we have not in a very careful way given the subject our most careful thought and attention; hence we must be content with simply repeating our conclusions in the former cases, which were substantially that the fact that the defendant had been accorded the right of a preliminary examination was not jurisdictional and need not be alleged in the information and any failure to accord the defendant the right of a preliminary examination as provided for by statute only went to the regularity of the proceedings which could be taken advantage of by calling the attention of the court to that fact by an appropriate motion and offering proof establishing the fact that he had not been accorded the right of a preliminary examination.

## VI.

We are now brought to the contention insisted upon by learned counsel for appellant that the court

erred in overruling the motion to quash the information upon which the defendant was tried. The main ground of this contention is that the defendant was not accorded a preliminary examination prior to the filing of said information.

We have heretofore indicated our views upon the proposition as to the necessity of an allegation in the information that a preliminary examination had been accorded the defendant. We held that such allegation was not essential to the validity of the information; hence if the defendant was in fact not accorded a preliminary examination then the only proper method of preserving that question for review in this court was by offering the proof upon a timely motion to quash for that reason, or upon some other appropriate motion or plea in abatement, bringing the matter to the attention of the court. The mere filing of a motion to quash, or any other motion alleging the fact that the defendant was not accorded a preliminary examination, is not sufficient to preserve such question for consideration before this court. The mere allegation in the motion to quash or in any other appropriate motion alleging the failure to accord the defendant the preliminary examination does not prove itself. It was incumbent upon the defendant to establish the allegations contained in the motion that he was not accorded a preliminary examination. If the trial court refused to hear his proof then he could make an offer of the proof which would establish that fact and properly save his exceptions to the action of the court in refusing to hear the testimony upon that allegation, then under that state of the record the question would properly be before us for review. The record in this cause discloses the mere allegation in the motion to quash that the defendant was not afforded a preliminary examination; it discloses no proof of such allegation or any offer to make proof of it, or any refusal on the part of the court to hear the proof offered by the defendant to establish

the truth of such allegation. The motion for new trial fails even to make complaint of the action of the court in overruling the motion to quash the information. Under this state of the record the question as to whether or not the defendant was accorded a preliminary examination has not been properly preserved and this court would not be authorized to indulge the presumption that such fact existed. [State v. Hultz, 106 Mo. 41; State v. Grant, 144 Mo. l. c. 66; State v. Brannan, 206 Mo. 636.]

## VII.

We are now brought to the consideration of the testimony developed upon the trial of this cause and the law as declared by the court predicated upon such evidence. We have carefully read in detail the evidence as disclosed by the record, and we are unable to find any escape from the conclusion that the evidence was practically all one way in this cause, that is, that it pointed unerringly to the guilt of the defendant of the offense charged. The instructions of the court, which we have carefully considered, presented the law of this case fully and fairly to the jury.

Entertaining the views, to which we have herein given expression, result in the conclusion that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.