STATE OF MISSOURI, Respondent, v. CLATE
HARRIS, Appellant.

Springfield Court of Appeals, May 8, 1911.

1. APPEAL AND ERROR: Practice: Criminal Law: Exceptions: Motion for New Trial. In criminal cases matters of exceptions must be preserved in a motion for a new trial and only matters of exception so preserved are before the appellate court for review.

2. CRIMINAL LAW: Slander: Sufficiency of Evidence. In an action for slander the evidence is *held* sufficient to justify submitting the case to the jury on the question as to whether or not the slanderous words were uttered as charged.

3. ———: ———: Instruction. In an action for criminal slander, where the information charged defendants with having said that a certain married woman was a bitch and a whore, it was *held* proper to refuse an instruction which told the jury that they should find defendant not guilty if they believed the woman had been guilty of adultery or fornication before her marriage; the effect of the instruction being to include any illicit intercourse with her husband before her marriage, which would not excuse the slander.

4. ———: ———: Defense. It is not the law that a man can charge that a woman is a whore and then escape punishment by showing that at some earlier time in her life she had improper intercourse with a man she afterwards married.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore,*
Judge.

AFFIRMED.

*Seth V. Conrad* and *A. H. Livingston* for appellant.

*George W. Boone* for respondent.

GRAY, J.—The defendant was tried and convicted before a jury in Ozark county on a charge of criminal slander, prohibited by section 4817, Revised Statutes 1909.

The appellant has filed no brief in this court, and therefore, we are not informed of the grounds relied on for a reversal. The motion for a new trial, however, only alleges two errors, as follows:

"First. Because the court erred in overruling defendant's demurrer to the testimony.

"Second. Because the court erred in refusing the instruction asked by the defendant."

Under the law, matters of exception must be preserved in a motion for new trial, and therefore, only the matters of exception covered in the motion for new trial are before this court for review, and our inquiry will be limited thereto. [State v. Brannon, 206 Mo. 636, 105 S. W. 602.]

The information is in the usual form, and charged that the defendant, in the presence of Hosea Hensley and Clarence Lyons, said that Rosa Tackett "was a damned bitch and was a whore."

Hosea Hensley testified that on or about the 20th of March, 1910, in Ozark county, the defendant said to her and Clarence Lyons that Grant Tackett, the husband of Rosa Tackett, was living with a damned whore and he could prove it. The testimony further showed that he had reference to the said Rosa Tackett as the wife of Grant Tackett.

This was direct proof of the charge in the information and was sufficient to take the case to the jury. We therefore hold that the court committed no error in refusing a new trial on the first ground assigned.

The second ground for new trial relates to the action of the court in refusing the following instruction: "The court instructs the jury that if they believe from the testimony that the prosecuting witness, Rosa Tackett, had been guilty of adultery or fornication before her marriage, and that the defendant in the conversation charged had reference thereto, then you will find him not guilty." The court committed no error in refusing this instruction.

The evidence shows that some trouble existed between the father of the defendant and the husband of the prosecuting witness, Mrs. Tackett. The defendant met Hosea Hensley and Clarence Lyons and in a conversation relating to the trouble between the Harrises and the Tacketts, the state's testimony tends to prove defendant said that Mr. Tackett was "the rakings of the country," and was living with a damned whore and he could prove it, and for them to tell Mr. Tackett that he said so.

The information charged that defendant had spoken said words of and concerning Rosa Tackett. The instruction told the jury that defendant was entitled to an acquittal, even though he spoke of and concerning Rosa Tackett the language named in the information, and testified to by the state's witness, provided, the jury further found that at any time before the marriage of Rosa Tackett to Grant Tackett, she had even been guilty of adultery or fornication with Grant Tackett.

It is not the law that a man can charge that a woman is a whore and then escape punishment by showing that at some earlier time in her life she had improper intercourse with a man she afterwards married.

We are of the opinion that the defendant was not entitled to a new trial on either of the grounds assigned therefor in his motion for a new trial. And as the information is sufficient and an examination of the record discloses no errors, the judgment should be affirmed, and the same is accordingly done. All concur.