## STATE OF MISSOURI, Respondent, v. WILLIAM TEAGUE, Appellant.

### Springfield Court of Appeals, May 19, 1915.

1. CRIMINAL LAW: Preliminary Examination: Information Need Not Show. An information need not show on its face that the accused has been accorded a preliminary examination.

2. ———: Procedure: Record: Motion to Abate Information. Prosecution for feloneous assault. The information did not show that a preliminary examination had been held and the record was silent on the subject. The denial of a motion to abate the information because no preliminary examination had been held was not error, as such motion does not prove itself and no evidence in support thereof was preserved.

3. ASSAULT: Evidence: Sufficiency. Prosecution for feloneous assault. Evidence considered sufficient to support conviction for common assault.

4. INSTRUCTIONS: Criminal Law: Harmless Error. Prosecution for feloneous assault. Defendant requested an instruction directing the jury to acquit him of feloneous assault. Since defendant was only convicted of common assault, if the refusal of the instruction was error, it was harmless.

5. ———: Criminal Law: Multiplying Instructions Unnecessarily. Where the trial court of its own motion gave instructions fully covering all phases of a criminal case, it correctly refused additional instructions which would have been merely repetitious.

Appeal from Christian County Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*W. P. Sullivan, Geo. Thornsberry* and *Roscoe Patterson* for appellant.

*John T. Hays* for respondent.

STURGIS, J.—The defendant was tried in the Christian county circuit court on an information preferred by the prosecuting attorney charging him, under section 4481, Revised Statutes 1909, with felonious assault on one Samuel Hall. He was convicted of common assault and his punishment fixed at a fine of one hundred dollars. His appeal was granted to the Supreme Court, but that court has transferred the cause to this court as being the court having jurisdiction of the appeal.

The case is submitted on the record without briefs on either side. In such cases we must examine and render judgment on the record before us. A bill of exceptions has been filed preserving the proceedings and evidence taken at the trial.

Being charged with a felony, the defendant filed a motion to abate the information on the grounds: (1) That the information is based on an affidavit of a person having no knowledge of the facts; and, (2) that defendant had not been accorded a legal preliminary examination, as required by law (Laws of 1913, page 224). On examining the information we find that same was filed in the circuit court at the August term, 1913, and is based on the oath of the prosecuting attorney without any reference to any affidavit of a private person. The transcript of the justice of the peace recites that the defendant in person and by attorney appeared before him on a change of venue from another justice

and that the State introduced its evidence and the defense did not offer any evidence; that after argument the defendant was bound over to the circuit court and gave bond for his appearance.

It is held that it is not necessary that the information show on its face that a preliminary examination has been accorded the accused. [State v. Jeffries, 210 Mo. 302, 319, 109 S. W. 614; State v. McKee, 212 Mo. 138, 147, 110 S. W. 729.] These are matters relating to the procedure and the motion to abate the information on the grounds stated does not prove itself. [Ex parte Buckley, 215 Mo. 93, 98, 114 S. W. 954.] There is nothing in the record before us showing the truth of the matters alleged in the motion. If any evidence was offered in support of the motion it is not preserved. The record shows that the motion was overruled and thereupon the defendant entered his plea of not guilty and went to trial on the merits of the charge. Preliminary examinations are required only in cases of felony and defendant has been convicted only of a misdemeanor. The charge, however, is for a felony. It is not necessary in view of what we have just said for us to decide whether this point would be available to the defendant on being convicted of a misdemeanor the same as it would had he been convicted of a felony.

The information was also attacked by motion to quash as not charging any offense, but we find the same to follow approved precedents and to be sufficient even for a felony.

The other errors mentioned in the motion for new trial seem to be rather conventional and relate, in general terms only, to the admission and exclusion of evidence, the giving and refusing of instructions, and that the verdict is "against the evidence."

The defendant and the person assaulted were neighboring farmers in Christian county, Missouri. They are well-to-do and respectable citizens, barring, as we hope, this single instance. The origin of the diffi-

State v. Teague.

culty is not a new one by any means, it being that the hogs of the prosecuting witness were found trespassing on the defendant's land and were by him "taken up." The assault occurred near defendant's home where Hall had gone to secure the release of his hogs. Each party claims the other was the aggressor and defendant relies on self-defense to secure his acquittal. There were no weapons used, the assault being with "fists, knees and feet." There was certainly no need of any assault by either party and the guilty one deserves punishment. The evidence was conflicting and the jury heard and weighed the same and found defendant guilty. According to the evidence introduced by the State, not only that of the assaulted party but also that of a bystander, the defendant assaulted Hall with but little provocation and that only verbal. There is also evidence of previous ill feeling on defendant's part towards Hall and that he had threatened to do personal injury to him. The evidence is strong that Hall was seriously injured and, having believed the State's version of the affair and that defendant was the assaulting party, the punishment is not too severe. The jury could not have given less and performed its duty to the public.

On reading the long record we do not find any error in admitting or excluding evidence. The trial judge was very fair to the defendant in this respect.

The only two instructions asked by defendant were refused. One is an instruction directing the jury to acquit defendant of a felonious assault. The jury did what the instruction would have required if given and we do not see how defendant is harmed thereby. The other refused instruction is on self-defense. The court, however, of its own motion gave an instruction fully covering this phase of the case and is to be commended for not multiplying the instructions on this issue. The instructions given are those usually given and are in the usual form covering every phase of the case:

Felonious assault and definitions of terms used, common assault, that abusive words do not justify an assault, self-defense, reasonable doubt, presumption of innocence, credibility of witnesses, and that defendant and his wife are each competent witnesses but subject to the right of the jury to consider their interest in the result of the trial.

We find no error in the record. The defendant has had a fair trial and the judgment will be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.